**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:22-cv-61178

DENISE PAYNE,

     Plaintiff,

v.

NISA WATERWAYS, LLC D/B/A
WATERWAY SHOPPES OF WESTON;
LUCILLE'S AMERICAN CAFE' OF
WESTON, INC. D/B/A LUCILLE'S
AMERICAN CAFE; and ROKO
INVESTMENTS, LLC D/B/A
OLENKA ARTISAN BAKERY,

     Defendants.

_____/

## PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, ROKO INVESTMENTS, LLC D/B/A OLENKA ARTISAN BAKERY AND VERIFIED APPLICATION FOR REASONABLE ATTORNEY'S FEES, COSTS AND EXPERT FEES

COMES NOW the Plaintiff, DENISE PAYNE, through the undersigned counsel and herein

moves for a Default Final Judgment pursuant to Fed. R. Civ. P. 55 and Verified Application for

Reasonable Attorney's Fees, Costs, and Expert Fees Pursuant to 42 U.S.C. § 12205 and the Court's

Order dated August 9, 2022 [D.E. 21], against Defendant, ROKO INVESTMENTS, LLC D/B/A

OLENKA ARTISAN BAKERY (hereinafter "Defendant"), and as grounds therefore would show

as follows:

    **I.**     **MOTION FOR DEFAULT FINAL JUDGMENT:**

    1. The Complaint and Summons were filed on or about June 1, 2022 [D.E. 1].

    2. Defendant, ROKO INVESTMENTS, LLC D/B/A OLENKA ARTISAN

BAKERY, was served with a copy of the Summons and Complaint on June 23, 2022, as reflected

on the docket sheet by the proof of service filed on June 23, 2022 [D.E. 5].

3.   Plaintiff's claim for Injunctive Relief in the form of compliance with 42 U.S.C. § 12181 (2017), et seq., the American Disabilities Act, for reasonable attorneys' fees and costs incurred in prosecuting this Action.

4.   A Clerk's Entry of Default against Defendant, ROKO INVESTMENTS, LLC D/B/A OLENKA ARTISAN BAKERY, was entered on July 28, 2022 [D.E. 17].

5.   Plaintiff has filed a proposed Order of Default Final Judgment, concurrently with this Motion.

## SUPPORTING MEMORANDUM OF
## LAW TO DEFAULT FINAL JUDGMENT MOTION

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, a Court may enter a Default (Final) Judgment if the party against whom a Judgment for Affirmative Relief has failed to plead or otherwise defend.

### I.      STANDARD OF REVIEW

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the Complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*). If the admitted facts establish the defaulting Defendant's liability, the Plaintiff is entitled to relief against that

Defendant. *See Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing *Tyco Fire*). Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." *See Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, No. 10-12238, 2011 WL 311680, at *2 (11th Cir. 2011); *Magee v. Maesbury Homes, Inc.*, Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at *2 (M.D. Fla. Apr. 15, 2011); *Enpat, Inc. v. Budnic*, Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla.1 Mar. 29, 2011).

## II.     STATUTORY PROVISIONS

This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "A.D.A.") and 28 U.S.C. §§ 2201–2202. While thirty years have passed since the effective date of Title III of the A.D.A., Defendant has yet to make its facilities accessible to individuals with disabilities. Congress provided commercial businesses one and a half (1&1/2) years to implement the Act. The effective date was January 26, 1992. Despite the abundant lead-time and the extensive publicity the A.D.A. has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's businesses. The relief sought by the Plaintiff against the Defendants is proper in its entirety as pled in the Complaint pursuant to 42 U.S.C. § 12181, et seq., or the A.D.A.

### A. THE FACTS ALLEGED IN THE COMPLAINT ESTABLISH DEFENDANT'S LIABILITY AND ESTABLISH THAT THE PLAINTIFF IS ENTITLED TO THE RELIEF REQUESTED

3

Plaintiff, DENISE PAYNE, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DENISE PAYNE, is substantially limited in major life activities due to her impairment and requires the use of a wheelchair to ambulate [D.E. 1, Compl. ¶ 15].   Defendant, ROKO INVESTMENTS, LLC., owned and operated a commercial restaurant at 2246 Weston Road Weston, Florida 333262 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, ROKO INVESTMENTS, LLC, holds itself out of the public as "OLENKA ARTISAN BAKERY". [D.E. 1, Compl. ¶ 9].   At all times material, Defendant, ROKO INVESTMENTS, LLC, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Weston, Florida [D.E. 1, Compl. ¶ 10]. Defendant, ROKO INVESTMENTS, LLC own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendant, ROKO INVESTMENTS, LLC, is responsible for complying with the obligations of the ADA [D.E 1, Compl. ¶ 21]. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, specifically ROKO INVESTMENTS, LLC, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination. [D.E. 1, Compl. ¶ 22]. The

4

Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the business located within the Commercial Property have denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DENISE PAYNE, and others similarly situated. [D.E. 1, Compl. ¶ 19].

The ADA violations that the Plaintiff encountered at Defendant's, ROKO INVESTMENTS, LLC, commercial property to include but are not limited to those listed in Plaintiff's Complaint [D.E. 1, ¶ 29]. Because of this Defendant's willful failure to secure compliance with the ADA, the Defendant has discriminated against the Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of its commercial property, as prohibited by 42 U.S.C. § 12182 (2017), et seq. [D.E. 1, Compl. ¶ 33]. The Plaintiff is accordingly entitled to a Final Judgment of Default and to all relief pled and prayed for in the Complaint.

### B.  SERVICE OF PROCESS

Pursuant to 48.081(3)(a) of the Florida Statutes service of process can be made on a corporation at its principal place of business:

### III.   PLAINTIFF'S VERIFIED APPLICATION FOR REASONABLE ATTORNEY'S FEES

Pursuant to 42 U.S.C. § 12205, and the Court's Order dated August 3, 2022 [D.E. 10], Plaintiff and her counsel timely move the Court for an award of reasonable attorneys' fees, expert

fees, and costs against Defendant, ROKO INVESTMENTS, LLC. The following Memorandum supports this motion.

On June 21, 2022, Plaintiff, DENISE PAYNE, a wheelchair-bound individual with disabilities, brought this action against the Defendant, ROKO INVESTMENTS, LLC, who own a commercial restaurant located at 2246 Weston Road, Weston, Florida 33326, a public accommodation as defined at 28 C.F.R. 36.104, and is operating the facility in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et. seq.* (the "ADA") because architectural barriers exist at the property which prevent Plaintiff and other disabled individuals from equally using and enjoying the goods and services offered at Defendant's, ROKO INVESTMENTS, LLC, commercial property. Once the Court enters the Default Final Judgment addressed in Section I. of this Motion, the remaining issue for the Court is the amount of Plaintiff's attorneys' fees, expert fees, and costs.

### A.  <u>Amount of Attorneys' Fees</u>

Attorneys' fees, expert fees, litigation expenses and costs are recoverable under the ADA. 42 U.S.C. § 12205.  To recover attorneys' fees under 42 U.S.C. § 12205 a plaintiff must be a prevailing party.  The Court has already entered a Clerk's Default on July 28, 2022 [D.E. 18] against the Defendant, ROKO INVESTMENTS, LLC.

Once the Plaintiff is deemed the prevailing party, the Court must determine what is a reasonable amount of fees.  In a civil rights case, the amount of an award of attorneys' fees is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably expended.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Bldg. Serv.*

*Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).   A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience, and reputation.   *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

The Court must also examine whether the number of hours billed for the work is reasonable.   A party is entitled to compensation for work that is useful and of a type ordinarily necessary to secure the final results obtained.   *Pennsylvania v. Delaware Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986). "Hours are not reasonably expended if they are excessive, redundant, or otherwise necessary." *Hensley*, 461 U.S. at 433.

In setting a reasonable fee award, the Court is given discretion to reduce any fees in cases where a plaintiff has not been completely successful in achieving their litigation objectives.   *See id.* at 435–436 (finding that where "a plaintiff has achieved only partial a limited success, the product of hours reasonably expended on the litigation as a whole, times a reasonable hourly rate, may be an excessive amount"); *see also Lilly Spencer v. Walmart Stores, Inc.*, 469 F. 3d 311, 318 (3d Cir. 2006); *Access 4 All, Inc. v. AAMJ, LLC,* No. CIV. 04-6059 (JHR), 2007 WL 655491, at *7 (D.N.J. Feb. 27, 2007).

When determining whether to adjust an award of attorney's fees, a court may consider:

(1) The time and labor required;

(2) The novelty and difficulty of the questions involved;

(3) The skill requisite to perform the legal services properly;

(4) The preclusion of other employment by the attorney due to acceptance of this case;

7

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limit imposed by the client or the circumstances;

(8) The amount involved, and the results obtained;

(9) The experience, reputation, and ability of the attorney;

(10)   The "undesirability" of the case; and

(11)   The nature and length of the professional relationship with the client; and, awards

   in similar cases.

*Pub. Interest Research Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 n.18 (3d Cir. 1995)

(citing *Hensley*, 461 U.S. at 434 n.9) *Doran v. Corte Madera Inn Best W.*, 360 F. Supp. 2d 1057,

1061 (N.D. Cal. 2005) (citation omitted).   The most important of these factors in determining

whether to adjust an award of attorneys' fees is the result obtained.   *See Hensley*, 532 U.S. at 535–

36. In ascertaining the degree of success, the court focuses on the "overall relief obtained by the

Plaintiff." *Id*. at 435.   When "the plaintiff achieved a level of success that makes the hours

reasonably expended a satisfactory basis for making a fee award, a markdown for limited success

may not be appropriate."   *Id*.,   (holding that "where a plaintiff has obtained excellent results, his

attorney should recover a fully compensable fee [and] . . . the fee award should not be reduced

simply because the plaintiff failed to prevail on every contention raised by the lawsuit.")

With respect to the issue of hourly rates, this Court "is itself an expert on the question and

may consider its own knowledge and experience concerning reasonable and proper fees and may

form an independent judgment with or without the aid of witnesses as to value."   *Norman v. Hous.*

*Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   Plaintiff's counsel has

8

applied the hourly rate of $450.00 for attorney Anthony J. Perez. The hourly rate sought in this case is within the range of rates charged by other attorneys in similar cases with similar legal experience. More specifically, other civil rights and labor and employment attorneys with similar legal experience to Anthony J. Perez have been awarded $450.00 per hour, in multiple jurisdictions since 2014. Attorneys with similar experience to Anthony J. Perez have been awarded between $350.00 and $551.00 per hour, in jurisdictions spanning from Florida, Ohio, and New York. *See Steven Brother v. BFP Investments. Ltd.*, Case No. 03-60129-Civ- Marra/Dube (S.D. Fla. 2005) (awarding $385.00 per hour in a Title III ADA action in March 2005); *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, No. 04 CIV. 7174 SASJCF, 2005 WL 3338555, at *2–4 (S.D.N.Y. Dec. 7, 2005) (awarding $350.00 per hour in 2005); *Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04CIV.6620 (GBD)(FM), 2006 WL 196969, at *1, *3 (S.D.N.Y. Jan. 26, 2006) (awarding $350.00 per hour in January 2006); *Access 4 All. Inc. v. Trump Int'l Hotel*, Case No.1:04-cv-07497-RJS (S.D.N.Y. 2008); *Women's Med. Prof'l Corp. v. Baird, M.D.*, No. 2:03 CV 162, 2003 WL 23777732, at *2– 5 (S.D. Ohio Dec. 15, 2003), *aff'd sub nom. Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595 (6th Cir. 2006) (awarding $350.00 per hour to a civil rights attorney four years ago); *James Depot v. Wash Holdings*, 489 F. Supp. 2d. 1341, 1348–52 (S.D. Fla. 2007) (awarding $450.00 per hour); *Lane v. Capital Acquisitions & Mgmt. Co.*, 554 F. Supp. 2d 1345, 1355–56 (S.D. Fla. 2008), (awarding $450.00 per hour); *Topp, Inc. v. Uniden Am. Corp.*, Case No.: 05-21698, 2007 WL 2155604, at *2 (S.D. Fla. July 25, 2007) (awarding $551.00 per hour). *Longhini v. Coetus Possessions Corporation*, Case No.: 21-22105 (S.D. Fla January 28, 2022) Accordingly, it is clear that the rate of $450.00 per hour for attorney Anthony J. Perez, for work performed in this case, is well within the customary range of rates charged by other attorneys with similar legal experience,

9

and within the range awarded by other Courts. In determining the reasonableness of the attorney's hourly rate, the Court should utilize the following criteria:

i.   **The Time and Labor Required, the Novelty and Difficulty of the Question Involved, and the Skill Requisite to Perform the Legal Service Properly.**

The undersigned regularly represents Plaintiffs in actions against places of public accommodation for ADA/civil rights violations. In fact, Plaintiff's counsel estimates that there are only a handful of other firms that litigate more ADA/civil rights actions. Thus, the undersigned attorney and firm have developed forms and procedures aimed at reducing the number of hours incurred at and throughout the handling of the case, including filing the complaint and other necessary paperwork, but this case posed some unique issues because of the contentious posture taken by the Defendant throughout the case. However, such efficiency should not be construed as an indication the ADA/civil rights cases do not present novel and difficult questions. To the contrary, representation of Plaintiffs in ADA/civil rights actions present numerous issues regarding entitlement to injunctive relief, standing, barriers to access, "readily achievable," undue burden, exemptions, applicable law, *etc*. Moreover, in each case, the barriers to access that exist must be analyzed in light of the relevant ADA Accessibility Guidelines, Technical Assistance Manual, and multitude of other guides issued by the Department of Justice and other authorities.  Overall, Plaintiff submit that the novelty and difficulty of the issues presented in ADA/civil rights actions, and the skill requisite to properly address such issues, justify a higher hourly rate than many other areas of practice.

ii.   **The Fee Customarily Charged in the Locality for Similar Legal Services.**

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider

rates awarded in other cases to other attorneys with similar legal experience to Plaintiff's counsel. During the past two years, attorneys with similar legal experience as Plaintiff's counsel have been awarded $450.00 per hour in South Florida in *Lane v. Capital Acquisitions and Management Co.*, 554 F. Supp. 2d 1345, 1355–56 (S.D. Fla. 2008). Magistrate Judge Johnson awarded $450.00 per hour to the same two (2) attorneys that litigated before Judge Dimitrouleas in *James*. Magistrate Judge Johnson's finding of $450.00 per hour was thereafter adopted in the Final Order entered by Judge Marra, 554 F. Supp. 2d at 1355–56.

In *Topp, Inc. v. Uniden America Corp.*, 2007 WL 2155604, at *1–2, Magistrate Judge Simonton found the hourly rate $551.00 per hour to be at the high end of the spectrum of reasonable rates, but nevertheless after reviewing the supporting documentation, the nature of the case, and based upon the Court's own knowledge and experience, found the requested hourly rate of $551.00 to be reasonable.

Because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate.  The current market rate is the rate at the time of the Fee Petition, not the rate at the time the services were performed.  This takes into account the delay in payment. *Lanni v. State of New Jersey*, 259 F.3d 146, 149–50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, courts adjust rates upward to account for inflation.  As set forth above, the fee customarily charged and awarded by Courts in ADA/civil rights litigation for attorneys with over thirty years of litigation experience, is $350.00–551.00 per hour.  Plaintiff's counsel is seeking $450.00 per hour for attorney Anthony J. Perez, which is at the high end of this range based on the fact that Anthony J. Perez has had been a member of the Florida Bar since 2001 and first became a member of the U.S. Southern District of Florida in

11

2002,[2] and the U.S. District of Colorado in 2017.

### iii.     The Results Obtained.

The instant action is one seeking injunctive relief and declaratory judgment regarding the pled ADA violations on behalf of Defendant, ROKO INVESTMENTS, LLC. The Defendant has been defaulted as to the pled ADA violations and there is a pending Motion as to Default Final Judgment. The result obtained is that which Plaintiff specifically sought to plead for in his Complaint. This Plaintiff is entitled to reasonable fees and costs on the prevailing party in the ADA case. The results accordingly merit an award of reasonable attorneys' fees and costs in favor of the Plaintiff, in this case, pursuant to the ADA.

### iv.     The Nature and Length of the Professional Relationship and the Experience, Reputation, and Ability of the Lawyers Performing the Services.

The counsel for the law firm representing the Plaintiff is experienced in ADA Title III as the Plaintiff's lawyer has filed and litigated in excess of dozens of ADA Title III cases (both access/architectural and web access cases and employment discrimination cases). Obviously, if any other similarly experienced defense lawyers were to consider taking Plaintiff's civil rights representation, with the associated risk of non-payment and delay in payment, they would be entitled at this point in time to $450.00 per hour.   Attached as **Exhibit A** is the Affidavit of the attorney who performed the legal services in this case, Anthony J. Perez. Mr. Perez has been a trial attorney for more than twenty (20) years and the billing sheets for reasonable attorney's fees and costs expended in the instant action.   The fee and costs listed from the Law Firm of Garcia-Menocal & Perez, P.L., document entries for the work completed by members of the firm in the

---

2 Mr. Perez had a three (3) and a half year period where he was not active in his federal court membership because of a military mobilization in the United States Marine Corps.

instant matter with sufficient detail as to allow any entry to stand individually and will be filed in support of this motion.

Plaintiff's counsel has the experience, reputation, and ability that the *James* Court, 489 F. Supp. 2d. at 1348–52, looks to when determining fees.  Attorney Anthony J. Perez has nearly twenty (20) years of experience as a trial attorney and over nineteen (19) years of experience in the federal bar.  He is a member of the Florida Bar, the U.S. Southern and Middle Districts of Florida, U.S. District of Colorado, and Eleventh Circuit Court of Appeals. Attorney Anthony J. Perez has handled dozens of lawsuits seeking to force property owners to bring their property into ADA compliance and remove barriers to access. His experience and ability certainly entitle the Plaintiff's attorney, Anthony J. Perez to the $450.00 per hour rate he seeks. Mr. Perez is seeking to tax 7 hours at a rate of $450.00 for his own work on the case. Mr. Perez billed 7 hours in prosecuting this case and this amount is reasonable regarding work completed and results obtained in the case. He is seeking to tax 7 hours at $450.00 an hour for a total of $4,490.00 including expenses, for his legal work as an attorney in this matter. *See* Fee and Costs Sheets attached hereto as **Exhibit B**.

Therefore, the Court should set the attorneys' fees in an amount that the Court considers fair and reasonable, taking into consideration the factors set forth in *Hensley* and *James*, especially the time and labor required. *See Access 4 All, Inc. v. Park Lane Hotel, Inc.*, 2005 WL 3338555, at *2–4.

The total reasonable amount in legal fees sought is accordingly $4,590.00 for this case (not including costs incurred).

### v.      Whether the Fee is Fixed or Contingent.

The fee in this case is contingent, thereby causing Plaintiff's counsel to incur the risk of non-payment. There has been no certainty that Plaintiff's counsel would receive any compensation at all.   Therefore, in setting a reasonable hourly rate, Plaintiff submit that the Court should award the higher range of rates for the length of time and uncertainty that counsels would be paid at all.

### vi.      Costs

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920 (2017), which provides for recovery of, *inter alia*, (1) fees of the Clerk and service processing and related fees; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees.   Additionally, in civil rights actions, a prevailing party may also recover expenses not normally available under § 1920.   *See Dowdell v. City of Apopka*, 689 F.2d 1181, 1189–92 (11th Cir. 1983).   Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." *Id*. at 1192. *Dowdell* reversed the lower court for its refusal to tax travel, telephone, and postage expenses as costs.   *See Planned Parenthood of Cent. New Jersey v. The Attorney Gen. of the State of New Jersey*, 297 F.3d 253, 257 (3d Cir. 2002).   Similarly, other "litigation expenses" beyond filing fees may be awarded under 42 U.S.C. § 12205.   *See Lanni*, 259 F.3d at 152 (reversing as arbitrary district court's reduction of costs associated with photocopies and faxes).

In the case at bar, the costs of Garcia-Menocal & Perez, P.L., one-third of which have been

14

allocated to be taxed to the Defendant, total $434.00. The prorated costs are as follows: an expert's fee of $250.00 for related good faith work completed to verify whether or not an ADA Action was warranted based upon the Plaintiff's complaint of alleged ADA violations, service of process fee of $50.00 for service of the complaint upon the Defendant, and filing fee of $134.00. *See* **Exhibit B.** Plaintiff will seek a re-inspection fee at such time as it is completed and will seek to tax such reasonable cost at that time. Re-inspection fees have been awarded in civil rights cases in order to monitor compliance with the court order but is not yet being sought since a re-inspection has not yet been performed. *See Access 4 All Inc. v. Business Consultants Int'l Corp.*, Case No. 02-21482-civ-Ungaro-Benages/Brown (S.D. Fla. 2002); *Access 4 All. Inc. v. Safira Investments. Inc.*, Case No.: 01-4795-civ-Jordan/Bandstra (S.D. Fla. 2002); *Access for America, et aI. v. Oakwood Center, L.C.*, Case No.: 8:02-cv-464-T-30-MSS (M.D. Fla. 2003); *Access All Inc. v. Absecon Hospitality Corp.*, 2006 U.S. Dist. LEXIS 79264 (D. NJ 2006); *Lindy Bros. Builders, Inc. Of Philadelphia v. American Radiators & Standard Sanitary Com.*, 540 F.2d. 102, 121 (3d Cir. 1976).

Travel, telephone, re-inspection fees, title search, filing fee, service of process fee, photocopies, facsimile charges, postage expenses, expert and court reporter fees are not unusual. "The attorney's reasonable and necessary costs and expenses may be awarded to a prevailing party." *Culebras Enters. Com. v. Rivera-Rios*, 846 F.2d 94, 103 (1st Cir. 1988). These costs were also awarded by this Court in *Access 4 All, Inc. v. AAMJ*, 2007 WL 655491, at *7. Furthermore, the authority to award reasonable attorneys' fees "includes the authority to award reasonable out-of-pocket expenses . . . normally charged to fee-paying clients, in the course of providing legal services." *Planned Parenthood*, 297 F.3d at 267 (citations omitted).

15

### vii.     Expert Fees

The ADA expressly states that the prevailing party may receive "a reasonable attorney's [sic] fees, including litigation expenses and costs."    42 U.S.C. § 12205. While the Eleventh Circuit has not addressed the issue of expert fees, pursuant to this section "litigation expenses' normally encompasses expert witness fees . . . provides direct authority for the award of expert witness fees." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (citing 42 U.S.C. § 12205); *see also Hohlbein v. Utah Land Res. LLC*, 432 F. App'x 655, 657 (9th Cir. 2011) (citing the same). The courts in this District have also awarded expert fees under 42 U.S.C. § 12205. *Ziter v. Vista Designs. Inc.*, Case No.: 00-7137-civ-Lenard (S.D. Fla. 2001); *Ass'n. of Disabled Am., et al. v. North Beach Shopping Center. Inc.*, Case No.:97-133-civ-Highsmith (S.D. Fla. 1957); *Ass'n of Disabled Am. Et a1. v. Motiva Enterprises, LLC*, Case No.: 99-580-civ-Jordan/Bandstra (S.D. Fla. 2001) (Awarding expert fees of $185/hour in the amount of $2,367.95, based on an hourly rate of $185.)

In *Motiva L.L.C.*, Case No.: 99-580, the court stated that:

> It is within this Court's discretion to award a prevailing party under the ADA, not only the attorneys' fees, but also expert fees. See, [sic] 42 U.S.C. § 12117(a) (stating that the powers, remedies, and procedures available under Title VII, 42 U.S.C. § 2000e-5 are available under the ADA); See, [sic] also [sic] 42 U.S.C. §12205.

In the subject case, Plaintiff seek reimbursement for the expert fees incurred for the services of Pablo Baez, AccessAble, Mr. Baez has performed a vast number of ADA inspections over the course of his career. Mr. Baez performed the initial preliminary inspection of the Defendant's facilities to satisfy Plaintiff's Counsel's Rule 11 obligation and issued the initial report which formed the basis of the Plaintiff's Complaint. Attached hereto as **Composite Exhibit C** is a copy

16

of the Expert's affidavit, report, and invoice in the amount of $750.00.   It is respectfully submitted that $300.00 per hour is a reasonable rate for the expert services of Mr. Baez.

### B. Conclusion

The Court must accord Plaintiff, reasonable attorneys' fees and costs from Defendant, ROKO INVESTMENTS, LLC, because the Plaintiff is the prevailing party in an ADA access case.

WHEREFORE, it is respectfully respected that the Court award the Plaintiff his attorneys' fees in the amount of $4,590.00 and other incurred costs in the amount of $434.00 for a total amount of $5,024.00.

### IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a default final judgment against Defendant, ROKO INVESTMENTS, LLC, and all other relief prayed for in the Complaint, to include (i) a Declaratory Judgment determining Defendant, ROKO INVESTMENTS, LLC, at the commencement of the subject lawsuit was in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, ROKO INVESTMENTS, LLC, including an Order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the A.D.A.; and to require Defendant, ROKO INVESTMENTS, LLC, to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services; (iii) award Plaintiff reasonable attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act and as provided in the proposed Final Judgment filed contemporaneously with this Motion and any other such relief this Honorable deems to be just and necessary.

Dated: August 16, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74 Court, No. 3
Miami, FL 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com;
dramos@lawgmp.com

By:*/s/ Anthony J. Perez*
ANTHONY J. PEREZ

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. I also certify that the foregoing document is being served this day via USPS Mail and USPS Certified Mail on the Defendant, ROKO INVESTMENTS, LLC c/o its Registered Agent, OLENKA RIGLOS, at 2246 WESTON RD WESTON, FL 33326.

Respectfully submitted,

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74 Court, No. 3
Miami, FL 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
dramos@lawgmp.com

By*:    /s/ Anthony J. Perez_____*
       ANTHONY J. PEREZ